**George Khalil WAKILEH; Joulizar Wakileh; Johny Wakileh; Edward Wakileh, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70945.

I & NS Nos. A72–515–805 A72–517–022 A72–517–023 A72–517–024.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001 [1].

Decided Dec. 13, 2001.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See*

Before NOONAN, WARDLAW, Circuit Judges, and SCHWARZER[2], Senior District Judge.

## MEMORANDUM[3]

George Khalil Wakileh and his wife Joulizar, along with their sons Johny and Edward ("the Wakilehs"), are Catholic citizens of Jordan. In 1992, they entered the United States and overstayed their visas. In deportation proceedings, the Wakilehs sought asylum and a withholding of deportation. On March 28, 1997, an Immigration Judge denied their applications, holding that the Wakilehs had provided insufficient evidence of past or future persecution. On appeal, the Board of Immigration Appeals affirmed. We deny the petition for review.

To qualify for asylum, the Wakilehs must demonstrate past persecution on account of their religion, or a well-founded fear of future persecution. "A well-founded fear of future persecution must be both 'subjectively genuine' and 'objectively reasonable.'" *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996)(en banc). Because the standard of proof required for withholding of deportation is higher than that required for asylum, *INS v. Cardoza–Fonseca*, 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), we analyze only the asylum application. We review the BIA's factual determinations under the 'substantial evidence' standard. *Ghebllawi v. INS*, 28 F.3d 83, 85 (9th Cir.1994). Under this standard, we will uphold the BIA's determination if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *INS v.*

Fed. R.App. P. 34(a)(2).

**2.** The Honorable William W Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted).

At his hearing, George Wakileh stated that he had been asked by the Moslem Brotherhood to join them 14 times, but that he had never been threatened or hurt. Joulizar testified that she had been similarly approached eight times. She also stated that a Moslem woman once pushed through the front door, grabbed Joulizar's arm, "and kind of squeezed," telling her to wear more modest clothing. At one point, unidentified persons made a "sincere" attempt to kidnap Edward Wakileh, but Edward's crying alerted the neighbors, who prevented the abduction. George Wakileh said that he believed it had been Moslems who had tried to kidnap his son, and that the Jordanian police had refused to "do anything about it" because they, too, were Moslem. Finally, George Wakileh said he was afraid that if he returned to Jordan, "the same old things that happened to me will happen one more time ... and maybe something worse." He said that he has a brother living in Jordan and that "sometimes there are people [who bother him.]"

 *Past Persecution:* Persecution is "the infliction of suffering or harm upon those who differ in a way regarded as offensive." *Surita v. INS,* 95 F.3d 814, 819 (9th Cir.1996) (citation omitted). Although we have found that the cumulative effect of several incidents may constitute persecution, *id.,* the aggressive proselytization to which the Wakilehs were subject does not rise to this level. Although the Wakilehs also testified to an attempted kidnaping and police indifference, they were unable to present evidence linking the two to a religious motive.

*Well–Founded Fear:* The Wakilehs have not presented sufficient evidence to demonstrate that their fear of future persecution is "objectively reasonable." State Department reports indicate that although Jordan does not recognize certain faiths, these faiths are permitted to conduct their activities without harassment. Significantly, Catholicism is not listed as one of these non-recognized faiths. In addition, the Wakilehs have family members who live in Jordan without persecution. In rebuttal, the Wakilehs make only generalized claims of difficulties in the future. However, "the objective component requires a showing by credible, direct, and specific evidence in the record." *Fisher,* 79 F.3d at 960.

The petition for review is DENIED.